# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Richard Allen Vinson ) | Case No. 09-51237-can13 |
| ) | |
| and ) | |
| ) | |
| LaDonna Sue Vinson, ) | Adversary No. _____ |
|        Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| SN Servicing Corporation, ) | |
| ) | |
| Serve at: ) | |
| The Prentice-Hall Corporation System, Inc. ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
|        Defendant. ) | |

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Richard Allen Vinson and LaDonna Sue Vinson by and through their attorneys at The Law Offices of Tracy L. Robinson, LC, who in their Complaint for Damages state, and allege to the Court as follows:

## INTRODUCTION

This case seeks relief for Plaintiffs from Defendant's violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601, *et seq.* and its implementing regulation, Regulation X, 24 C.F.R. Part 3500, for failure to respond to a Qualified Written Request ("QWR").

This case also seeks relief for Plaintiffs from Defendant's contempt for Federal Rule of Bankruptcy Procedure 3002.1(f) and this Court's Order Deeming Plaintiffs Current. In short, Defendant assessed $6,502.59 in Corporate Advances and $8,235.27 in Forbearance Principal not authorized by this Bankruptcy Court.

1

Due to the reckless disregard of Defendant's behavior, Plaintiffs suffered actual damages in the form of inability to refinance their mortgage, emotional distress, time lost, frustration, and the hindrance to their fresh start entitled under the Bankruptcy Code. Plaintiffs are asserting claims for those actual damages including reasonable attorneys' fees. Further, due to the willful and egregious nature of Defendant's behavior, Plaintiffs are requesting the Court use the inherent authority to enforce its own orders pursuant to 11 U.S.C. § 105(a) by assessing punitive damages/civil contempt penalties.

## JURISDICTION AND VENUE

1. Richard Allen Vinson and LaDonna Sue Vinson (hereafter "**Plaintiffs**") commenced the above-captioned bankruptcy case by filing a petition for bankruptcy relief in the United States Bankruptcy Court for the Western District of Missouri under Chapter 13 of Title 11 of the United States Code on December 28, 2009.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b).

3. This adversary contains core and non-core proceedings within the meaning of 28 U.S.C. §§157(b)(2)(A), (B), and (K).

4. This adversary proceeding contains claims that are both statutorily and constitutionally core.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

## PARTIES AND SERVICE

6. Richard Allen Vinson and LaDonna Sue Vinson (hereafter "**Plaintiffs**"), are natural persons who, at all times relevant, reside in the State of Missouri.

7. Defendant SN Servicing Corporation, hereafter ("**Defendant**"), was and is a corporation conducting business in Missouri and may be served through its registered agent, The Prentice-Hall Corporation System, Inc. at 221 Bolivar Street, Jefferson City, MO 65101.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On April 20, 2001, Plaintiffs executed a Promissory Note with Decision One Mortgage Company, LLC for $98,000.00 secured by a Deed of Trust on Plaintiffs' residence located at 415 N. 16th St., St. Joseph, MO 64501.

9. The Promissory Note and Deed of Trust are attached as Exhibits A and B, respectively.

10. After numerous transfers, Defendant is the current servicer of Plaintiffs' mortgage.

11. Notice of Servicing Transfer dated March 25, 2015 is attached as Exhibit C.

12. On December 28, 2009, Plaintiffs filed a Chapter 13 Bankruptcy in the Western District of Missouri, Case No. 09-51237-can13.

13. The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines was entered on December 29, 2009, and the Certificate of Service was filed on December 31, 2009 showing Defendant's predecessor, CitiMortgage, Inc., was sent notice of Plaintiffs' bankruptcy.

14. The BNC Certificate of Mailing of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines is attached as Exhibit D.

15. Defendant's predecessor, CitiMortgage, Inc., was listed on Plaintiff's Schedule D of the bankruptcy filing as a secured creditor holding a security interest in Plaintiffs' residence located at 415 N. 16th St., St. Joseph, MO 64501.

16. The pertinent page of Plaintiffs' Bankruptcy Schedule D listing Defendant's predecessor as a creditor in the Chapter 13 bankruptcy is attached as Exhibit E.

17. Defendant's predecessor, CitiMortgage, Inc., was also listed under paragraph 4 of Plaintiffs' confirmed Amended Chapter 13 Plan where Plaintiffs would pay the post-petition mortgage payments to Defendant's predecessor through their Plan and the pre-petition arrearage would be paid by the Chapter 13 Trustee from their plan payments.

18. The pertinent page of Plaintiffs' confirmed Chapter 13 Plan listing the treatment of Defendant's claim is attached as Exhibit F.

19. Defendant's predecessor, CitiMortgage, Inc., filed a Proof of Claim [#6-1] on January 26, 2010, listing a Total Pre-Petition Arrearage of $1,836.03, a Total Estimated Payoff of $107,991.13.

20. Defendant's predecessor's Proof of Claim did not include any Forbearance Interest or Principal, and the only attorney fees disclosed were $150.00 for the filing of the Proof of Claim.

21. Defendant's predecessor's Proof of Claim [#6-1] is attached as Exhibit G.

22. Plaintiffs' Chapter 13 Bankruptcy Plan was confirmed on May 25, 2010, providing Plaintiffs would pay the post-petition mortgage payments to Defendant's predecessor through their Plan and the pre-petition arrearage would be paid by the Trustee from their plan payments.

23. In accordance with Defendant's predecessor's filed and allowed Proof of Claim and Plaintiffs' Confirmed Plan, the Chapter 13 Trustee made payments to Defendant's predecessor for Plaintiffs' post-petition mortgage payments.

24. On December 18, 2014, the Chapter 13 Trustee filed a Notice of Completion of Chapter 13 Plan.

25. On December 18, 2014, the Chapter 13 Trustee filed a Notice of Final Cure Mortgage Payment.

26. Defendant filed a Response Agreement to the Notice of Final Cure on January 5, 2015.

27. Response in Agreement is attached as Exhibit H.

28. This Court entered an Order Approving the Notice of Final Cure Mortgage Payment on January 6, 2015.

29. Order is attached as Exhibit I.

30. Plaintiffs made their first post-discharge payment directly to Defendant's predecessor, Selene Finance, on February 11, 2015 and have made each monthly payment thereafter.

31. Plaintiffs' bank statements are attached as Exhibit J.

32. Plaintiffs have never received any statements, notices or letters from Defendant since their discharge.

33. In July, 2016, Plaintiffs were trying to refinance their mortgage with Cross Country Mortgage, when they pulled their most recent statement from Defendant's website and discovered Defendant had assessed $6,502.59 in Corporate Advances and $8,235.27 in Forbearance Principal.

34. Plaintiffs were unable to refinance their mortgage until the charges were paid.

35. Statement dated July 11, 2016 is attached as Exhibit K.

36. Defendant never filed a Notice of Post-Petition Mortgage Fees or Charges throughout Plaintiffs' Chapter 13 to obtain this Bankruptcy Court's approval.

37. On July 16, 2016, Plaintiffs met with current counsel to resolve this matter.

38. On July 18, 2016, Plaintiffs sent Defendant a Qualified Written Request ("QWR") by USPS Certified Mail pursuant to RESPA requesting removal of the $6,502.59 in Corporate Advances and $8,235.27 in Forbearance Principal as not authorized by this Bankruptcy Court.

39. Defendant's Reply to Plaintiffs' QWR was due August 31, 2016.

40. QWR is attached as Exhibit L.

41. Plaintiffs never received a response to its QWR, and to date, Defendant has not removed the $6,502.59 in Corporate Advances and $8,235.27 in Forbearance Principal.

42. Oddly, Defendant reclassified the Forbearance Principal to Forbearance Interest and added a Forbearance Late Charge of $162.12.

43. Statement dated September 11, 2016 is attached as Exhibit M.

44. Defendant's conduct has prevented Plaintiffs' from refinancing their mortgage.

45. Defendant's conduct has endangered Plaintiffs' ability to receive their fresh start entitled under the Bankruptcy Code.

46. Defendant's willful disregard for the rules and procedure of the bankruptcy court resulted in actual damages to Plaintiffs including but not limited to emotional distress, time lost, frustration, fees, and costs.

47. At a minimum, the $6,502.59 in Corporate Advances and $8,235.27 in Forbearance Principal should be removed from Plaintiffs' account.

## COUNT I
## VIOLATION OF § 2605(e)(2) OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA") FOR FAILURE TO RESPOND TO A QUALIFIED WRITTEN REQUEST

48. Plaintiffs repeat, reallege and incorporate by reference each and every prior paragraph in this Complaint.

49. The express purpose of the Real Estate Settlement Procedures Act ("RESPA") is to protect consumers from certain abusive practices that have developed in the residential real estate industry.  12 U.S.C. §2601.

50. Defendant is a loan "servicer" of Plaintiffs' "federally related mortgage loan" as those terms are defined under RESPA, 12 U.S.C. §2602(1) and 12 U.S.C. §2605(i)(2) respectively.

51. Section 2605(e)(2) of RESPA states:

> Not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall—
> (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
>> (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
>> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

7

52. On July 18, 2016, Plaintiffs sent Defendant a Qualified Written Request ("QWR") by USPS Certified Mail pursuant to RESPA requesting removal of the $6,502.59 in Corporate Advances and $8,235.27 in Forbearance Principal as not authorized by this Bankruptcy Court.

53. Defendant's Reply to Plaintiffs' QWR was due August 31, 2016.

54. Defendant failed to investigate Plaintiffs' concern and failed to provide a written notice either that their account was being corrected or a written notice of the reasons Defendant believes the account was correct within 30 business days as required under 12 U.S.C. §2605(e)(2).

55. Plaintiffs has expended great time, incurred expenses and experienced frustration in an effort to get their account corrected.

56. Plaintiffs were denied refinancing due to the unauthorized fees and charges assessed to Plaintiffs' account.

57. Pursuant to 12 U.S.C. §2605(f)(1), Plaintiffs are entitled to recover their actual damages and reasonable attorneys' fees.

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by RESPA in such amount as fair and reasonable, for their actual damages incurred, for the imposition of punitive damages against Defendant in such sum as will deter Defendant and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## **COUNT II – CONTEMPT**

58. Plaintiffs repeat, reallege and incorporate by reference each and every prior paragraph in this Complaint.

59. Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f), the Chapter 13

Trustee files a Notice of Final Cure that informs the mortgage creditor that the debtor has paid in full the amount required to cure any default on the creditor's claim.

60. Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(g), a creditor then has 21 days to file a statement indicating "(1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with §1322(b)(5) of the Code."

61. The willful disregard by Defendant in assessing the $6,502.59 in Corporate Advances and $8,235.27 in Forbearance Principal to Plaintiff's account was in direct violation of the Court's Order Approving Notice of Final Cure Mortgage Payment entered on January 9, 2015.

62. Pursuant to 11 U.S.C. §105(a), this Court is authorized to take "any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process," including the relief sought by Plaintiffs herein.

63. The conduct of Defendant in this case has caused Plaintiffs unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code and by this Court's Order.

64. In order to carry out the provision of the Code and to maintain its integrity, this Court must impose actual damages, punitive damages, and legal fees against Defendant pursuant to the provision of Section 105 of the Code.

65. Defendant's pattern and practice of behavior to consistently fail to abide by the rules of this Bankruptcy Court illustrate a clear disregard and disrespect of the bankruptcy laws.

66. The actions and omissions of Defendant, as alleged above, were outrageous because of Defendant's reckless indifference to Plaintiffs' rights and the rights of others such

that Plaintiffs is entitled to an additional amount as a civil penalty and/or punitive damages in a sum sufficient to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiffs ask this Court to enter a judgment against Defendant for Plaintiffs' actual damages; to award a civil penalty and/or punitive damages against Defendant in amounts that are fair and reasonable; award reasonable attorneys' fees; award the costs of this action; and for such other and further relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Richard Allen Vinson and LaDonna Sue Vinson respectfully requests this Court award the following:

a. Actual Damages;

b. Punitive Damages;

c. Costs and reasonable attorney's fees;

d. Removal of the $6,502.59 in Corporate Advances, the $8,235.27 in Forbearance Principal, and the $162.12 in Forbearance Late Charges from their mortgage account; and

e. For such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Chelsea S. Springer
Chelsea S. Springer #51089
The Law Offices of Tracy L. Robinson, LC
818 Grand Boulevard, Suite 505
Kansas City, MO  64106
Phone: (816) 842-1317
Fax:    (816) 842-0315
chelseas@tlrlaw.com
Attorney for Plaintiffs